UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SEBASTIAN GONZALEZ | ] | |
|     Petitioner, | ] | |
| | ] | No. 3:10-0584 |
| v. | ] | (Crim. No. 3:06-00200) |
| | ] | Judge Trauger |
| UNITED STATES OF AMERICA | ] | |
|     Respondent. | ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Eden Detention Center in Eden, Texas. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

On June 5, 2007, the petitioner pled guilty to one count of conspiracy to launder money. United States of America v. Sebastian Gonzalez, Criminal Action No. 3:06-00200 (M.D. Tenn.)(Echols, S.J., presiding), at Docket Entry No.118.[1] For this crime, he received a sentence of sixty (60) months in prison, to be followed by a two year period of supervised release. *Id.* at Docket Entry No.178.

Having pled guilty, the petitioner did not pursue a direct appeal of the conviction. However, on June 9, 2010, he filed the

---

[1] With Judge Echols' retirement, this case was reassigned to the docket of the undersigned. Docket Entry No.5.

1

instant Motion to Vacate, Set Aside or Correct Sentence (Docket Entry No.1).[2] In the Motion, the petitioner claims that

    1) he is actually innocent of the crime to which he pled guilty;

    2) he was denied the effective assistance of counsel; and

    3) the sentence imposed upon him was unreasonable.

Upon its receipt, the Court conducted a preliminary review of petitioner's Motion and found that it stated a colorable claim for relief. Accordingly, by an order (Docket Entry No.3) entered July 25, 2010, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the Motion. Rule 4(b), Rules - - - § 2255 Cases.

Presently pending before the Court is the government's Motion to Dismiss (Docket Entry No.9), to which the petitioner has filed a Reply (Docket Entry No.10). Having carefully considered petitioner's Motion, the government's Motion to Dismiss, and the petitioner's Reply, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the

---

[2] A pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266, 270 (1988). Thus, even though petitioner's Motion was received in the Clerk's Office and stamped as filed on June 14, 2010, the actual filing date for the purposes of a timeliness analysis is June 9, 2010, the date on which the petitioner signed the Motion and gave it to prison officials for posting. *See* Docket Entry No.1 at pg.13.

2

record conclusively shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 Motion as the law and justice require. Rule 8(a), Rules - - § 2255 Cases.

The government opposes the petitioner's Motion by contending that it is untimely. The Antiterrorism and Effective Death Penalty Act contains a one-year limitation period during which a § 2255 Motion to Vacate, Set Aside or Correct Sentence must be filed. This limitation period begins to run from the latest of four (4) events which include

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this instance, the Court finds that the one year limitation period began to run from the date that the petitioner's conviction became final. The petitioner was sentenced on September 2, 2008.

3

United States of America v. Sebastian Gonzalez, Docket Entry No.178. His conviction became final ten (10) days later on September 12, 2008, when the time for filing a direct appeal had expired. Rule 4(b)(1)(A), Fed.R.App.P.[3]; Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir.2004)(an unappealed federal criminal judgment becomes final ten days after its entry). Thus, the limitation period for the filing of this action ran through September 12, 2009. However, September 12, 2009 was a Saturday. Therefore, by rule, the limitation period did not expire until Monday, September 14, 2009. Rule 26(a)(3), Fed.R.App.P. The instant § 2255 Motion was not filed until June 9, 2010, almost nine months after the limitation period had expired. Accordingly, this action is untimely.[4]

The period of limitation, however, does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Dunlap v. United States, 250 F.3d 1001, 1004-1005 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). In this case, the petitioner argues that there are two reasons that would justify an equitable tolling of the limitation period. First, the petitioner claims that he is actually innocent of the charge that led to his conviction. Second,

---

[3] This Rule was amended in December, 2009 to extend the time for filing an appeal from ten (10) to fourteen (14) days.

[4] The petitioner has acknowledged that his Motion is untimely. *See* Brief attached to Docket Entry No.1 at pg.10.

4

the petitioner speaks only Spanish and believes that his ignorance of the English language should allow him to proceed despite the untimeliness of this action.

The doctrine of equitable tolling should be applied sparingly. *Id.* at pg. 1008. To determine whether equitable tolling would be appropriate in this case, the Court is obliged to consider five factors. These factors include (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement, (3) the petitioner's diligence in pursuing his rights, (4) the absence of prejudice to the respondent, and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. *Id.;* Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). The Sixth Circuit has held that a petitioner's actual innocence will support an equitable tolling of the limitation period. Souter v. Jones, 395 F.3d 577, 599 (6th Cir.2005). To make a showing of actual innocence, the petitioner must convince the Court that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.* at pg.602.

The petitioner pled guilty to the crime of conspiracy to launder money. He admitted his guilt to the Court when he entered

5

his guilty plea. Docket Entry No.9-1 at pgs.7-14. The petitioner later reiterated his guilt when he filed a Motion to Modify or Reduce Sentence. Docket Entry No.9-2 at pg.4. He currently admits to receiving a large sum of cash for transport to another locality. The prosecution had audio proof that the petitioner was a "trusted" member of a group that had been, for several years, selling drugs in Middle Tennessee and moving the cash out of the area. From this, the Court finds that the petitioner has failed to make a showing of actual innocence sufficient to equitably toll the one year period of limitation.

The petitioner also asserts that his unfamiliarity with the English language should allow him to file an untimely Motion. Where a petitioner's alleged lack of proficiency in English has not prevented him from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims. Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir.2002).

In his Motion to Modify or Reduce Sentence, the petitioner stated that he had been a legal resident in this country since 1994. He owned a home in Laredo, Texas and had worked as a long distance trucker for eleven (11) years. Docket Entry No.9-2 at

6

pg.5. As a home owner with a trucker's license who had been in this country since 1994, the petitioner surely had some knowledge of English. Moreover, he has not shown that his lack of proficiency in English interfered with his right of access to the courts. As a consequence, the Court finds that the limitation period was not tolled because the petitioner is not proficient in English.

The petitioner's Motion is untimely. He has acknowledged as much. Brief attached to Docket Entry No.1 at pg.10. The petitioner has failed to demonstrate circumstances that would justify an equitable tolling of the limitation period. For that reason, the Court finds merit in the government's Motion to Dismiss.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge